IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-20054-02-DDC |
| HUGO CHAVEZ VALDIVIAS (02), | |
| Defendant. | |

**MEMORANDUM AND ORDER**

On April 27, 2022, the United States indicted Hugo Chavez Valdivias on 22 counts. Doc. 93.[1] The court, at the government's request, dismissed several charges before trial. Doc. 187; Doc. 188. At trial, defendant remained charged with one count of conspiracy to distribute and possess with intent to distribute 50 or more grams of methamphetamine and 11 counts of distribution of 50 or more grams of methamphetamine. The government's evidence tended to show that, during 18 controlled drug buys, agents recovered more than eight net kilograms of methamphetamine. The jury returned a guilty verdict on all counts. Doc. 221.

Before trial, Defendant Hugo Chavez Valdivias filed a Motion to Inform the Jury of the Sentencing Range, to Permit Nullification Arguments, and to Exclude Pattern Criminal Jury Instruction 1.20 (Doc. 204). *First*, he asks the court to instruct the jury on sentencing ranges for the charges in the Superseding Indictment. *Second*, he asks the court not to instruct the jury that

---

[1] The parties corrected by interlineation an inaccurate date in Count Five of the Superseding Indictment in open court on August 6, 2024. Doc. 203 at 4.

it must ignore possible punishment in evaluating guilt. *Third*, he asks the court to permit sentence-based "nullification" arguments.

Defendant supports these three requests by invoking an "originalist understanding of the constitutional jury trial right." Doc. 204 at 1. He first argues that our Circuit's cases prohibiting nullification arguments are based on policy, not the Constitution's original meaning. This basis, he argues, requires the court to disregard the cases as "obsolete" in light of the Supreme Court applying "methods of originalism" to interpret the Sixth Amendment. *Id.* at 6. He next argues that Supreme Court cases frequently cited in opposition to jury nullification don't resolve the issue before the court. *Id.* at 9–14.

The government disagrees. It argues that the jury in this case has no role to play in sentencing and so it can't consider any possible sentence. Doc. 208 at 2. What's more, our Circuit has held there isn't a right to sentence-based nullification arguments, *id.* at 4, and, the government argues, is bound by those precedents, *id.* at 6.

Our Circuit and the Supreme Court disagree with defendant's position as well. And so, following precedent, this court must disagree. The court advised the parties it was denying defendant's motion before trial began. This Order explains the court's rationale for its ruling, *first* by providing an overview on jury nullification and Tenth Circuit practice on sentence-related jury instructions. *Second*, the Order evaluates defendant's first argument that the court needn't apply existing precedent. The court doesn't reach defendant's second argument because it resolves the issue on the first.

Jury nullification is the "jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message . . . or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness." *Jury*

*Nullification*, BLACK'S LAW DICTIONARY (12th ed. 2024). Defendant tries to recast this practice as, essentially, juries engaging in equity. *See* Doc. 204 at 3–4. But defendant doesn't cite any conclusive authority giving juries an equitable responsibility in this, or any other, context. Instead, juries are duty-bound to find facts and apply them to the law the court gives. *See United States v. Grismore*, 546 F.2d 844, 849 (10th Cir. 1976); *Sparf v. United States*, 156 U.S. 51, 102 (1895) ("[I]t is the duty of juries in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence.").

Defendant's motion identifies three methods courts have used to prevent nullification. *First*, courts don't instruct juries about the sentencing consequences of conviction. Doc. 204 at 4. *Second*, courts give Tenth Circuit Pattern Criminal Jury Instruction 1.20, which instructs jurors not to discuss or consider possible punishment. *Id.* at 4–5. *Third*, courts prohibit counsel from making nullification arguments that inform the jury about possible sentencing consequences. *Id.* at 5. Defendant asks the court to flip the script and engage in each of these practices here.

Defendant argues that the Supreme Court's current originalist era makes non-originalist precedent in this area no longer controlling. The Court has applied the originalist method to certain parts of the Sixth Amendment, such as the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 60–69 (2004) (applying the Constitution's original understanding to reform Confrontation Clause jurisprudence). And the Court has consulted the original understanding of the Constitution and the Sixth Amendment jury trial right when deciding whether a statute provides sentencing factors or offense elements. *See Jones v. United States*, 526 U.S. 227, 244–48 (1999) (evaluating the Framers' understanding of the jury trial right to decide proper roles of judge and jury in finding facts bearing on sentencing).

Defendant argues these cases instruct our court to "engage in a historical analysis" to determine whether the jury trial right includes the right to instruct the jury on sentence-related grounds. Doc. 204 at 7. Because of the Supreme Court's purportedly originalist bent, defendant asserts, Tenth Circuit policy-based precedent is inapplicable. *Id.* at 8–9. The government responds that defendant's argument is rooted in theory, not authority. Doc. 208 at 6. According to it, the defendant extends *Crawford* beyond its proper scope because *Crawford* never addressed jury nullification or instructions about sentencing consequences. *Id.* at 7. The government doesn't address defendant's *Jones* argument. *See generally id.*

Other criminal defendants have latched on to defendant's argument. *See, e.g.*, *United States v. Woody*, 336 F.R.D. 293, 355 (D.N.M. 2020) (rejecting the argument that juries should receive sentencing information and collecting cases in the District of New Mexico raising the argument). But the court's research didn't turn up any Supreme Court or Tenth Circuit cases interpreting the Sixth Amendment jury trial right and sentence-based nullification using originalism. In fact, the Court and our Circuit have rejected—unambiguously—a right to sentence-based nullification and sentence-related instructions, as explained, below.

Juries ordinarily serve no sentencing function. *Shannon v. United States*, 512 U.S. 573, 579 (1994). So, juries "should be admonished to 'reach [their] verdict without regard to what sentence might be imposed.'" *Id.* (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). After all, a verdict's consequences are "irrelevant to the jury's task." *Id.* What's more, our Circuit has instructed that providing sentencing details to the jury is prejudicial and often grounds for reversal. *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980). Unless a statute specifically involves the jury in a punishment decision, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'" *Id.* at 1385 (quoting *Chapman v.*

4

*United States*, 443 F.2d 917, 920 (10th Cir. 1971)).  There thus is no right to have a jury informed of the possible consequences of a guilty verdict.  And, by implication, Tenth Circuit Pattern Criminal Jury Instruction 1.20—instructing jurors not to consider possible punishment in assessing guilt—is a proper way to avoid the risks of sentence-based jury nullification.  Also, there is no jury nullification right.  *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999).  And it follows that parties can't argue nullification.  *See id.* (citing with approval *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997) for the rule that a judge shouldn't encourage or permit jury nullification).

District courts are duty-bound to follow precedent of governing appellate courts.  *See, e.g.*, *Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts[.]"); *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit[.]").  So, our court must follow the decisions explained above.

Unlike defendant, the court doesn't read *Crawford* and *Jones* to invalidate all Sixth Amendment jurisprudence that fails to address the Constitution's original meaning.  If a Supreme Court precedent directly applies, "'yet appears to rest on reasons rejected in some other line of decisions,'" a lower court "'should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions.'"  *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (quoting *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989)).  Neither *Crawford* nor *Jones* directly controls this case.  And so, the court must follow the cases that do.  !

The court thus denies defendant's Motion to Inform the Jury of the Sentencing Range, to Permit Nullification Arguments, and to Exclude Pattern Criminal Jury Instruction 1.20 (Doc. 204).  Applying binding Tenth Circuit and Supreme Court precedent, the defendant has no right to argue for jury nullification, to inform the jury of a guilty verdict's possible consequences, or to exclude the standard instruction against considering sentencing in jury deliberations.  A jury plays no sentencing function, and it's often prejudicial to inform a jury of possible sentences.  The Supreme Court's originalist interpretation of the Sixth Amendment in unrelated contexts doesn't allow this court to ignore directly controlling precedent.  Instead of "embarking on a winding and uncertain journey into the minds of the framers, we must follow Supreme Court and Tenth Circuit precedent."  *United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016).  Assessing the jury trial right's original meaning about nullification is an exercise properly left to the Supreme Court, should it choose to do so.  And this court leaves what is properly left to the Supreme Court to the Supreme Court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Inform the Jury of the Sentencing Range, to Permit Nullification Arguments, and to Exclude Pattern Criminal Jury Instruction 1.20 (Doc. 204) is denied.

**IT IS SO ORDERED.**

**Dated this 26th day of August, 2024, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**